# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA MILES SCAFFIDI,

    Plaintiff,

    v.                                       Case No. 04-C-0830

BRAD TIMM,
UNKNOWN, Sued as Rich, OPD at Time of Arrest,
DAVE GROVES, GRABOWSKI,
RESCH, G. CAVAIANI, and
ANDY RICH,

    Defendants.

## ORDER

        The plaintiff, Joshua Miles Scaffidi, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He was granted leave to proceed in forma pauperis on his Fourth Amendment claims. See Court's Order of November 22, 2004. On June 10, 2005, the plaintiff filed a document apparently consisting of numerous motions. In its entirety, the document states:

> Motion to produces [sic] signed statement the interrogatories and all evidence to support the probable cause.
> Motion for mediation.
> Motion for summery [sic] judgment based on the lack of signed interrogatories and the defendants['] own statements on reports that show beyond doubt the excessive force and unreasonable search. REPORT; 04-1450 David Groves['] affidavit and statements maid [sic] on all of the IN[T]ERROGATORIES.
>
> Motion to suppress any mention of a protective sweep based on the fact that it was an unlawful arrest and there was on [sic] mention of attack or me escaping.

(Plaintiff's Filing of June 10, 2005 at 1).

At the outset, the court cautions the plaintiff that, pursuant to Fed. R. Civ. P. 7(b), all motions must set forth with particularity the grounds therefor and the relief or order sought. Each of the plaintiff's requests fails to comply with this requirement.

Counsel for the defendants indicates by letter filed June 14, 2005, that the plaintiff initially received a copy of the defendants' interrogatory responses without a signature page, but that counsel advised the plaintiff that the signature pages would be forthcoming. (Letter Filed June 14, 2005 at 1). Counsel further advised that the signature page has since been provided. Id. The plaintiff's motion regarding interrogatories is, therefore, moot. Moreover, the plaintiff is advised that prior to filing a motion to produce discovery, the moving party must confer with opposing counsel to try to resolve the dispute without court involvement. If the parties are unable to resolve the discovery dispute, the party moving for discovery must submit a statement asserting that the parties have conferred and been unsuccessful in resolving their discovery dispute. See Civil Local Rule 37.1 (E.D. Wis.). The plaintiff has not complied with this local rule.

The plaintiff has also moved for summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F.Supp. 1458, 1460-61 (E.D. Wis. 1991). The plaintiff has not presented any evidence to establish that he is entitled to summary judgment. Therefore, his motion for summary judgment will be denied.

Before a mediation is scheduled, the parties must agree to mediation. The plaintiff's motion requesting mediation does not indicate that such an agreement has been reached with the defendants. Therefore, the plaintiff's motion will be denied without prejudice.

The plaintiff also seeks to "suppress" certain information. However, it is unclear where this information appears in the record, if at all, or on what basis the plaintiff objects to it. Accordingly, his motion will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for production (Docket #35) be and hereby is **denied** as moot.

**IT IS FURTHER ORDERED** that the plaintiff's motion for mediation (Docket #35) be and hereby is **denied** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #35) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to suppress (Docket #35) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge